UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| HAROLD SAMPSON, JR<br>Plaintiff,<br><br>v.<br><br>ARBOUR-FULLER HOSPITAL<br>ARBOUR HRI HOSPITAL<br>and UNIVERSAL HEALTH SERVICES<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### NATURE OF ACTION

1. This action is brought by Plaintiff, Harold Sampson, Jr. ("Sampson" or "Plaintiff") to enforce Family Medical Leave Act of 1993 as amended.

### THE PARTIES

2. Plaintiff, Harold Sampson, Jr resides at 97 Grafton Street, Millbury, MA and is a resident of the Commonwealth of Massachusetts.

3. Defendant, Arbour-Fuller Hospital ("Arbour-Fuller") operates an 86 bed licensed psychiatric hospital located in South Attleboro, MA.

4. Defendant, Arbour HRI Hospital ("HRI") operates an 86 bed licensed psychiatric hospital located in Brookline, MA.

5. Arbour-Fuller is a division of Arbour Health System a behavioral health system in Massachusetts.

6. HRI is a division of Arbour Health System a behavioral health system in Massachusetts.

7. Defendant, Universal Health Services ("UHS") owns and operates the Arbour Health System.

8. On or about April 12, 2007 Defendants hired Sampson as the Facilities Manager at its Arbour-HRI facility.

9. At all time relevant to this complaint Sampson performed the duties of Facilities Manager in a satisfactory manner.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 and 29 U.S.C. §2617(a)(2) of the Family and Medical Leave Act of 1993 as amended.

11. Venue is proper in this judicial district pursuant to 42 U. S. C. § 1391(b), because the events giving rise to this action occurred in this judicial district.

## FACTUAL ALLEGATIONS

12. On or about June 1, 2010, while still employed by Defendants, Sampson gave notice of his need to take time off from work to address a serious health condition.

13. Pursuant to Defendants' established policy and procedure Sampson was required to complete a written Leave of Absence request form.

14. The Leave of Absence request form included a specific form titled "Request for Family Medical Leave."

15. Sampson completed and signed the Leave of Absence request form that included the Request for Family Medical Leave.

16. Defendants' policy and procedure for Leave of Absence requires that an employee, in addition to filing a written request form, must also submit a Health Care Provider Certification that documents the need for the medical leave of absence.

17. On or about June 9, 2010, Sampson completed, signed and submitted to Defendants the Leave of Absence request form with Health Care Provider Certification that justified his need for time off covered by the Family Medical Leave Act of 1993 as amended ("FMLA").

18. On or about June 30, 2010, Defendants caused a notice to be sent to Sampson indicating that effective from June 9, 2010 his status was on a leave of absence.

19. Sampson fully complied with all Defendants' requirements for requesting a leave of absence covered by FMLA.

20. Defendants' granted Sampson's request for FMLA time off from work in June 2010.

21. In August of 2010 Sampson notified Defendants of his intention to return to work from his approved FMLA time off.

22. Sampson anticipated returning to full-time duty on or about August 9, 2010 after gaining approval from his treating physician.

23. Sampson obtained approval from his physician to return to work and provided Defendants with the documentation.

24. Defendants failed to return Sampson to the position he held before he went out on approved leave.

25. Defendants failed to reinstate Sampson to a position equivalent to the position he held before he went out on approved leave.

26. On or about the day before Sampson was to return to work, he was required to first meet with Defendants' Human Resources Director, Brian Jenkins.

27. At the meeting with Defendants' Human Resources Director, Mr. Jenkins informed Sampson that he would not be allowed to return to his position of Facilities Manager.

28. Brian Jenkins further informed him that Defendants' were eliminating the position of Facilities Manager and Sampson was being laid off.

29. At the time Sampson was denied the right to return to the same or similar position after returning from Defendants' approved FMLA leave of absence, he remained eligible for rehire.

30. On information and belief, the Plaintiff is unaware of any other person in Facilities department whose position was eliminated.

31. On information and belief, the Plaintiff is unaware of any other employee at Arbour-Fuller being laid off on or around the time he received notice of being laid off.

32. On information and belief, the Plaintiff is unaware of any other employee at HRI being laid off on or around the time he received notice of being laid off.

33. During Sampson's employment with the Defendants, they all met the definition of an "employer" as defined within FMLA.

34. During his employment with Defendants, Sampson met the definition of an "eligible employee" as defined within FMLA.

35. At the time Sampson received notice of being laid off from his employer he met the definition of an "eligible employee" as defined within FMLA.

36. Defendants, by their acts and/or omissions, retaliated against Sampson for exercising his rights under the FMLA.

37. Defendants, by their acts and/or omissions, discriminated against Sampson for exercising his rights under the FMLA.

38. Defendants, by their acts and/or omissions, interfered with Sampson's rights under the FMLA.

39. In January of 2011 Defendants sought applicants to fill Sampson's position of Facilities Manager.

40. Defendants' actions and/or omissions as alleged proximately resulted in Sampson losing his job, losing wages, losing employment benefits, losing then-current and then-future FMLA rights, and suffering pain.

41. Defendants willfully violated the FMLA.

## COUNT I
## FMLA Retaliation

42. Sampson realleges paragraphs 1 through 42 of this Complaint.

43. Defendants, by the actions and/or omissions alleged, retaliated against Sampson and/or discriminated against him for his exercise of his rights under the Family and Medical Leave Act of 1993, as amended, in violation of the anti-interference and anti-discrimination provisions of §105(a) of that Act [29 U.S.C. §2615(a)] and/or in violation of the Department of Labor's anti-retaliation and anti-discrimination regulation [29 C.F.R. §825.220] under that Act.

44. Defendants' retaliation proximately resulted Plaintiff suffering the damages alleged.

## COUNT II
## FMLA Interference

45. Sampson realleges paragraphs 1 through 44 of this Complaint.

46. When Defendants chose to selectively terminate Sampson's employment before he returned to work, they sought to prevent any future additional leave and deter others from accessing FMLA benefits.

4

47. The Defendants by their actions and/or omissions alleged in preventing Sampson from returning to work after his exercise of FMLA rights, interfered with his exercise of his then-current Family and Medical Leave Act rights, and/or with his exercise of his then-future Family and Medical Leave Act rights, all in violation of the anti-interference provisions of §105(a) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2615(a)] and/or of the Department of Labor's anti-retaliation and anti-discrimination regulation [29 C.F.R. §825.220] under that Act.

48. Defendants' interference proximately resulted in Sampson suffering the damages alleged.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court enter an order in his favor for:

1. Wages, employment benefits, and other compensation lost to him as a result of Defendants' interference with his rights under the Family and Medical Leave Act of 1993;

2. Pre-judgment interest at prevailing rate from the date he was terminated from his employment to the date of judgment on the award of wages, employment benefits, and other compensation lost to him;

3. Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him;

4. Reinstatement to his position as Facilities Manager (or comparable position) or in the alternative pay for such a position for a reasonable time into the future;

5. Reasonable attorney's fees and the costs and expenses of this action; and

6. Such other relief as this Court deems just and appropriate.

## JURY DEMAND

The Plaintiff demands a jury to hear and decide all issues of fact.

Respectfully submitted,
Plaintiff, Harold M. Sampson, Jr.
By His Attorneys

Neil Osborne (BBO# 567674)
Patrick Lee (BBO# 661985)

5

45 Bromfield Street, 8th floor
Boston, MA 01208
(617) 482-1160 Phone
(617) 446-2702 Fax

Date: March 22, 2011